People v Gordon (2025 NY Slip Op 00584)

People v Gordon

2025 NY Slip Op 00584

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

908 KA 19-00935

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONTAYIUS GORDON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 12, 2019. The judgment convicted defendant upon a jury verdict of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the third degree (Penal Law § 160.05), defendant contends that the verdict is against the weight of the evidence. According to defendant, a surveillance video of the robbery admitted into evidence at trial refutes the victim's testimony with respect to defendant's participation in the crime as a principal, and the People failed to prove beyond a reasonable doubt that he intentionally aided the principals while acting with the mental culpability required for the commission of the crime, so as to establish his guilt as an accomplice (see § 20.00). We affirm.
Defendant concedes that he was present when the victim was robbed at gunpoint by three people and that he drove those people and the victim to the secluded area where the robbery took place. The victim, who had known defendant since third grade and considered him a good friend, testified at trial that all four people, including defendant, went through his pockets, and that moments later defendant was in possession of the victim's cell phone, backpack, and keys. When the victim asked defendant why this was happening, defendant said that it was because of the victim's sister, whom defendant had dated. The victim further testified that defendant refused the victim's request to return his keys and cell phone, saying "You're not getting s. . ."
Based on our review of the surveillance video, it cannot be said with certainty whether defendant went through the victim's pockets or took items directly from his possession, as the victim testified. Nevertheless, the video corroborates the remaining testimony of the victim, who had no reason to lie about defendant's actions. In any event, even assuming, arguendo, that the People did not establish defendant's guilt as a principal in the robbery, we conclude that the People proved beyond a reasonable doubt that defendant acted as an accomplice by luring the victim to the secluded area and intentionally aiding the principals in their commission of the crime while acting with the mental culpability required for the commission of the robbery. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Lawrence, 231 AD3d 1497, 1501 [4th Dept 2024]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court